IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SHY | : |
| | : |
| v. | : |
| | : NO. 13-6447 |
| MAYOR MICHAEL NUTTER, THE CITY OF | : |
| PHILADELPHIA, CURRAN-FROMHOLD | : |
| CORRECTIONAL FACILITY, and THE | : |
| PHILADELPHIA PRISON SYSTEM | : |

NORMA L. SHAPIRO, J.                                                           AUGUST 5 , 2014

Before the court is defendants' motion to dismiss plaintiff's complaint. Plaintiff Eugene Shy, out of custody when he filed this action, alleges that between August 23, 2012 and June 29, 2013, he was housed in an overcrowded cell at Curran-Fromhold Correctional Facility. He claims that these conditions violate his constitutional rights. Plaintiff brings this action under 42 U.S.C. § 1983. The court granted plaintiff's application to proceed *in forma pauperis* on February 11, 2014. On May 20, 2014, the City, on behalf of the named defendants, filed a motion to dismiss. On June 26, 2014, plaintiff filed a response that did not address any of the deficiencies in his complaint.

## I. BACKGROUND

Plaintiff filed a sparse handwritten complaint alleging counts against four defendants: Mayor Michael Nutter, the City of Philadelphia, Curran-Fromhold Correctional Facility, and the Philadelphia Prison System. Plaintiff alleges that during his incarceration within the Philadelphia County Prison System he was placed in a three man cell, a two person cell with a plastic boat on the floor for a third inmate, and a four man cell.[1] He does not allege any injuries.

---

[1] *See Williams v. City of Philadelphia*, Civ. No. 08-1979, Docket No. 87. Actions for damages are excluded from the waiver in the settlement agreement between plaintiffs in the class action settlement on behalf of all current and future persons confined in the Philadelphia Prison System. Section X.A. states "plaintiffs do not waive their rights to pursue individual claims for monetary damages under federal or state law." All such actions have been assigned to this court.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss all or part of an action for failure to state a claim upon which relief can be granted. A complaint must contain sufficient facts that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). A complaint is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not establish a plausible allegation. *Id.*

## III. DISCUSSION

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law. To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). If a plaintiff brings suit against individual defendants, personal wrongdoing must be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The plaintiff must allege a defendant's personal involvement because a defendant cannot be held liable for a constitutional violation he did not participate in or approve. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

Plaintiff's complaint appears to allege a Section 1983 claim for violations of his Fourteenth Amendment right of due process based on his housing conditions in the Philadelphia Prison System. He alleges he was placed in a three man and four man cell. The Supreme Court has determined "a detainee may not be punished prior to an adjudication of guilt in accordance

with the due process of law."[2] *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, plaintiff has failed to include any allegations that Mayor Nutter was personally involved in the alleged deprivation of his constitutional rights or that he gave personal direction for the plaintiff's housing conditions. *See Rode*, 845 F.2d at 1207.

The claims against two of the defendants, the Curran-Fromhold Correctional Facility and the Philadelphia Prison System, must be dismissed because these entities are not "persons" under Section 1983. *Mitchell v. Chester County Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976).

To state a claim against the City of Philadelphia, plaintiff must allege that the violation of his constitutional rights was the result of the City's official policy or custom. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 (3d Cir. 2013). The City cannot automatically be held liable based on the acts of its employees. Instead, "[w]hen a suit against a [city] is based on § 1983, the [city] can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). Plaintiff has failed to state any allegation in his complaint that his housing conditions were caused by a policy or a custom of the City. The only facts alleged in the complaint are that he was housed in a three and four man cell. The complaint fails to state a claim against the City of Philadelphia.

## IV. CONCLUSION

Defendants' motion to dismiss plaintiff's complaint will be granted. Plaintiff will be granted leave to amend his complaint. An appropriate order follows.

---

[2] Plaintiff does not allege that he is a pretrial detainee. However, since the court construes the facts in the light most favorable to the plaintiff for purposes of this motion, the court will assume he had not been convicted while in PPS custody.